IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES WILLIAMS,**

                 **Plaintiff,**

     v.                              CASE NO. 12-3137-SAC

**DR. (FNU) JEHAN,**

                 **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

Plaintiff claims the defendant prescribed medication that caused him to lose consciousness occasionally. During one such episode, plaintiff struck his chin and required stitches. He asserts a claim under the Eighth Amendment and seeks damages.

*Screening*

A federal court must conduct a preliminary screening of an

---

[1] The court finds plaintiff has insufficient resources to pay an initial partial filing fee. However, plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

action in which a prisoner seeks relief from a governmental entity or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss the complaint, or any part of it, that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

As noted, plaintiff asserts a claim under the Eighth Amendment. To state a cognizable claim for relief under the Eighth Amendment concerning the provision of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a plaintiff's claim of "an inadvertent failure to provide adequate medical care" or "that a physician has been negligent in diagnosing or treating a medical condition" are not sufficient to state a valid claim of medical mistreatment under the Eighth Amendment. *Id*. at 105-06.

In this case, it appears plaintiff's claim is most appropriately construed as a claim of negligence or medical malpractice. Such claims, however, are not cognizable as constitutional challenges. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir. 2005)(a difference of opinion concerning treatment, even among medical personnel, does not give rise to an Eighth Amendment claim).

*Notice to the plaintiff*

For the reasons set forth, the court is considering the summary

dismissal of this matter for failure to state a claim upon which relief may be granted. Plaintiff is directed to show cause why such a dismissal should not be entered in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence pursuant to 28 U.S.C. § 1915(b)(2) and shall continue until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including August 24, 2012, to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

DATED: This 24th day of July, 2012, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```